■ In the Matter of MABLE WOOD, Appellant, v. NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal by the claimant from a decision of the Workmen's Compensation Board, filed July 13, 1973, which found that the fatal injury sustained by the claimant's decedent occurred outside the scope of his employment and, accordingly, there could be no entitlement to workmen's compensation benefits. The decision of the board recites portions of the testimony as given by the decedent's supervisors in regard to the custom for employees to eat lunch on the employment premises and their habits in regard thereto. It was a very informal and ruleless manner of business well known and recognized by the representatives of the employer. The decedent was killed when he was struck during the customary time for lunch as he was on a highway that fronted upon the employment premises. The record contains evidence that during the customary lunch hour (12:01—12:30 P.M.) employees were free to leave the premises and go where they would for lunch, or they could remain upon the premises. On the day in question, the decedent and his immediate supervisor were the only persons upon the premises when noontime approached, and the supervisor told the decedent that he was going to leave the premises for purposes of lunch. The decedent's supervisor testified to the effect that upon his leaving the decedent on the premises, the decedent would remain in charge thereof and be expected to answer the telephone and/or handle anything which might require handling until the supervisor returned. On the other hand, the supervisor also testified to the effect that if the decedent had desired to not be so charged with responsibility for the premises during the lunch hour, he could have simply locked up the caretaker's cabin where the phone was located and secured whatever entrances were open and then leave. The supervisor further testified that it was customary for the decedent and any employees to cross from the employer's premises to a small store opposite of such premises for the purpose of purchasing something to drink. As urged by the respondents, it is well established that *inside* employees having a fixed period of time for lunch are not considered to be in the course of their employment while they are off the employment premises for purposes of eating or otherwise during the lunch period. (See *Matter of Cornelius* v. *Brock*, 27 A D 2d 604, 605.) On the other hand, the rule is not inflexible and where an otherwise inside employee is on duty during a lunch hour period, the mere fact that he is off the premises at the time an injury occurs is not controlling. As in *Matter of Markowitz* v. *Mack Markowitz, Inc.* (22 A D 2d 1001), the facts that the accident occurred during a lunch period and did not occur specifically upon the employment premises are not legally sufficient to constitute a denial of benefits when there is evidence in a record that an employee is, in fact, on duty at the time the accident occurs. In the present case, the sole finding of the board is that the accident would not be compensable because the decedent was off his employer's premises. The question for the board is whether or not the accident occurred at a time when the relationship of master and servant was terminated or suspended, if not, the claimant is entitled to benefits. Accordingly, the decision of the board is entirely inadequate for judicial review and, if it was intended to find that whenever an accident occurs to an inside employee while he is off

the employer's premises, that fact alone requires the finding that he was not in the course of his employment, the decision is erroneous, as a matter of law. Furthermore, on the present record, there is not substantial evidence to sustain the decision of the board. Decision reversed, with costs to appellant, and matter remitted for additional findings in clarification of the decision appealed from, or for other proceedings not inconsistent herewith. Herlihy, P. J., Staley, Jr., Cooke and Sweeney, JJ., concur; Reynolds, J., dissents and votes to affirm in the following memorandum. Reynolds, J. (dissenting). I vote to affirm. The decision of the board, which found that the fatal injury occurred outside the course of employment, is based on substantial evidence.